UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:07-CR-29-R

UNITED STATES OF AMERICA,                                                                    PLAINTIFF

v.

LLOYD BROWN SKILLERN                                                                         DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Lloyd Skillern's motion to dismiss (Docket #15).  The government has responded (Docket #18).  Defendant has filed a memorandum in support (Docket #21).  The government has filed a memorandum in opposition (Docket #23).  Defendant has replied (Docket #25).  This matter is ripe for adjudication.  For the reasons that follow, Defendant's motion is GRANTED.

**BACKGROUND**

On May 11, 1998, the Warren County District Court issued a domestic violence order ("DVO") in case number 98-D00135-001, Jane Marie Skillern v. Lloyd Benson Skillern.  The DVO required that Lloyd Skillern ("Defendant") be restrained from contact with his former spouse; be restrained from committing further acts of domestic violence; and be restrained from disposing of or damaging any property of the parties.  The terms of the order were in effect until May 11, 2001.

Defendant's former spouse twice motioned the court to extend the DVO.  The most recent motion was filed April 16, 2006.  The judge signed and entered the Amended DVO on the same day.  On April 19, 2004, a Warren County Deputy Sheriff served Defendant with the Amended DVO.

On July 11, 2007, a federal grand jury returned a two-count indictment against Defendant.  Count 1 charges Defendant with possession of a firearm by a person subject to a domestic violence

order ("DVO"), in violation of 18 U.S.C. § 922(g)(8). Count 2 seeks forfeiture of the firearms upon which Count 1 is based.

## ANALYSIS

Defendant is charged with violating 18 U.S.C. § 922(g)(8), which provides that:

> It shall be unlawful for any person
> (8) who is subject to a court order that -
>
> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
>
> (B) restrains such person from harassing, stalking, or threatening an intimate partner or such person or a child of such person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
> (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
> (C)(ii) by its terms explicitly prohibits the use, attempted use, or threatened us of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;
>
> . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped in interstate or foreign commerce.

The issue before the Court is whether the Amended DVO satisfies the hearing requirement of 18 U.S.C. § 922(g)(8)(A). If the Amended DVO was not issued after a hearing within the scope of § 922(g)(8)(A), then Defendant may not be prosecuted in federal court for possession of a firearm while subject to a court order.

The Sixth Circuit addressed the hearing requirement in *United States v. Calor*, 340 F.3d 428 (6th Cir. 2003). In *Calor*, the defendant's wife obtained an *ex parte* emergency protective order

against the defendant. *Id.* at 429. The emergency order was effective for three days, at which time a hearing was to be held allowing the defendant to respond to the domestic violence allegations. *Id.* At the hearing, the defendant requested the postponement of the hearing until a later time. *Id.* The court granted the adjournment, and issued a second emergency protective order effective until the new scheduled hearing date. *Id.* The defendant was arrested two days later for violating the emergency protective order. *Id.* at 430. A search of the defendant's vehicle resulted in the discovery four handguns, which led to his prosecution under § 922(g)(8)(A). *Id.* The defendant moved to dismiss the indictment, arguing that his prosecution under § 922(g)(8) was based on a court order not issued after a hearing within the scope of § 922(g)(8)(A). *Id.*

The Sixth Circuit affirmed the denial of the defendant's motion to dismiss. *Id.* The court stated that the notice requirement was satisfied by the summons written into the first emergency protective order that was served three days before the hearing date. *Id.* The opportunity to participate requirement was satisfied because the defendant "could have presented reasons why the court should not enter an order finding that he posed a credible threat to the safety of his wife or child at the . . . court proceeding." *Id.* The fact that the defendant elected to waive his opportunity to participate did not alter the court's analysis. *Id.*

The Court finds that the Amended DVO issued on May 11, 2004, fails to satisfy the statutory requirements of § 922(g)(8)(A). As an initial matter the Court notes that under § 922(g)(8)(A) the court order upon which Defendant's prosecution is based must be "issued after a hearing." While the Sixth Circuit has stated that the term "hearing" has not been given consistent meanings under federal law, *Calor*, 340 at 431, in the context of this case the Court finds that a hearing requires some manner of court proceedings.

"In order for a court proceeding to be the predicate hearing for a court order that triggers the § 922(g)(8) firearm disability, the statute straightforwardly requires that the subject of the court order be given actual notice of the proceeding and an opportunity to participate." *Id.* In this case, the Amended DVO did not have any court proceedings associated with it other than Defendant's former spouse's *ex parte* motion.

The Court does not rule that a defendant's physical presence in a courtroom is a necessary part of the hearing requirement. However, in this case Defendant had no involvement whatsoever in the issuance of the Amended DVO. A defendant must have some involvement in the issuance of the court order for there to have been the necessary "hearing" to allow the order to serve as the basis for a prosecution under § 922(g)(8).

The government attempts to avoid the requirement that the court order have a predicate hearing by arguing that the amended DVO was merely the extension of the original DVO, which was issued after a hearing. The original DVO expired by its own terns on May 11, 2001. Under Kentucky law, a DVO may only last for a maximum of three years. KRS 403.750(2). However, the DVO may be "reissued" an unlimited number of times. *Id.* In this case, it is the Amended DVO issued May 11, 2004, that is the basis for this prosecution, rather than the original DVO issued on May 11, 1998. *See also United States v. Collins*, No. 07-155, 2008 WL 817089, at *2-3 (W.D. Ky. March 19, 2008) (defendant cannot be prosecuted under § 922(g)(8) based on amended DVO issued without proper notice even when the original DVO was issued after a hearing).

The government argues that Defendant's failure to request that the state court alter the Amended DVO satisfies the hearing requirement. However, under § 922(g)(8), the defendant must have "the opportunity to present reasons, either in person or in writing, why proposed action should

4

not be taken." *Calor*, 340 F.3d at 431 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). An after-the-fact opportunity to present reasons why the already completed action should be undone does not satisfy this requirement. In this case Defendant was never given an opportunity to present reasons why an Amended DVO should not be issued. This lack of opportunity to present reasons why the Amended DVO should not be issued leads the Court to conclude that Defendant did not have an "opportunity to participate" as required by § 922(g)(8)(A).

Additionally, Defendant was not given any notice that he was still subject to a DVO until three days after the court had issued the Amended DVO. This was also three days after the previous Amended DVO expired. This is insufficient notice for the second Amended DVO to serve as a predicate court order for a prosecution for the possession of firearms in violation of § 922(g)(8)(A).

Given the lack of court proceedings concerning the issuance of the Amended DVO, the lack of notice to Defendant that he would be subject to an Amended DVO, and the lack of an opportunity for Defendant to argue against the issuance of the Amended DVO, the Court finds that the Amended DVO cannot serve as the predicate court order for Defendant's prosecution under § 922(g)(8). Therefore, Defendant's indictment must be dismissed.

## CONCLUSION

For the above reasons, Defendant's motion to dismiss is GRANTED.

An appropriate order shall issue.